FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 02, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK ALLEN PLEASANT; and TRALEN ROBERT DOLER,<br><br>               Plaintiff,<br><br>  v.<br><br>SPOKANE CIVIC THEATRE; SPOKANE CHILDREN'S THEATRE; and DOES 1-10,<br><br>              Defendants. | No. 2:22-cv-00269-MKD<br><br>ORDER GRANTING STIPULATED PROTECTIVE ORDER<br><br>**ECF No. 29** |

Before the Court is the parties' Stipulation for Entry of Protective Order, ECF No. 29. The Court finds good cause under Fed. R. Civ. P. 26(c) to issue an order to prevent certain categories of information produced by a party in discovery in this matter to prevent annoyance, embarrassment, oppression, or undue burden or expense.

Accordingly, **IT IS ORDERED:**

**1.** The parties' Stipulation for Entry of Protective Order, **ECF No. 29**, is **GRANTED**.

PROTECTIVE ORDER - 1

# PROTECTIVE ORDER

### A. Confidential Information

**1.** This Order does not confer blanket protection on all disclosures or discovery; the protection this Order affords extends only to the limited information or items that are entitled to be treated as confidential under the terms of this Order.

**2.** As used in this Protective Order, these terms have the following meanings:

    **a.** "Confidential Materials" are specific materials designated pursuant to Paragraph (3), regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, electronic files, or tangible things).

    **b.** "Documents" are all materials within the scope of Fed. R. Civ. P. 34.

    **c.** "Outside Vendors" means messenger, copy, coding, court reporting, transcription, e-discovery vendors, and other clerical-services, and vendors not directly employed by a party or its Attorneys.

    **d.** "Party" or "Parties" are Plaintiffs and Defendants, their officers, agents, employees, assigns, and attorneys of record.

    **e.** "Written Assurance" means an executed document indicating compliance with this order.

3.     The Confidential Materials protected by this order include, but are not limited to, any and all of Plaintiffs' medical, psychological and counseling records produced or obtained; materials containing Defendants' financial information; and materials containing the private personal information ("PPI") of Defendants' current or past volunteers, cast members, employees, performers, and any other similarly situated individuals. For purposes of this Paragraph, PPI refers to the personnel files maintained by Defendants and the social security numbers, contact information, and other such sensitive information of the Defendants' current or past volunteers, cast members, employees, performers, and any other similarly situated individuals.

**B. Access to And Designation of Confidential Material**

4.     All Confidential Materials, along with the information contained in the Confidential Materials, shall be used solely for the purpose of this action, and no person receiving such materials shall, directly or indirectly, use, transfer, disclose, or communicate in any way the materials or their contents to any person other than those specified in Paragraph (5). Any other use is prohibited.

5.     Access to Confidential Materials shall be limited to:

**a.** the Court and its staff, including use at trial before a jury;

**b.** the parties in this action, their law firms, and Outside Vendors;

PROTECTIVE ORDER - 3

    **c.** persons shown on the face of the document to have authored, produced, or received it;

    **d.** court reporters retained to transcribe testimony;

    **e.** outside independent persons to furnish expert services for the purpose of giving expert testimony in this action;

    **f.** only upon stipulation of the parties, or order of the court, lay witnesses to whom disclosure is reasonably necessary as part of their deposition or trial testimony and the preparation thereof; provided, however, that a lay witness authorized to have access to confidential materials must comply with Paragraph (6) below; and

    **g.** Outside Vendors as defined above.

**6.** Each person appropriately designated pursuant to Paragraph (5)(e), (5)(f), or (5)(g) to receive Confidential Materials shall execute a "Written Assurance" in the form contained at ECF No. 29-1 at 11 before being permitted to receive and review such Confidential Materials.

**7.** A copy of this Protective Order shall be served along with any subpoena or document request served on third parties in connection with this action. All Confidential Materials produced, provided, or obtained consistent with Paragraph (3), shall be treated as "Confidential" and shall be so designated pursuant to Paragraph (8)(a) by the receiving party.

8.   Disclosure or discovery of materials that qualify for protection under this Order must be clearly designated before or when the material is disclosed or produced, as follows:

    **a.** Materials in documentary form: A party who is disclosing Plaintiffs' medical, psychological and counseling records, or who designates other records as confidential, must affix the word "CONFIDENTIAL" to each page that contains Confidential Material.

    **b.** Testimony in depositions or other proceedings: the parties and any participating non-parties must identify on the record during the deposition or other proceeding that the testimony contains confidential information within the scope of this Order, and that it is to be designated "Confidential" and thereby obtain the protections accorded other "Confidential" materials. Confidentiality designations for depositions or proceedings shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript.

9.   Any party who inadvertently fails to identify Confidential Materials as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party

PROTECTIVE ORDER - 5

receiving such improperly-designated Confidential Materials shall retrieve such Confidential materials from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated Confidential Materials.

10. Any party may request a change in the designation of any material designated "Confidential." Any such material previously designated as confidential shall be treated as confidential until the parties stipulate to such change, or an amended order is entered changing the designation of the particular materials. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced materials as "Confidential" in the action may be affected.

**C. Protected Material Subpoenaed or Ordered Produced in Other Litigation**

11. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

    **a.** promptly notify the designating party in writing and include a copy of the subpoena or court order;

    **b.** promptly notify in writing the party who caused the subpoena or order to

issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order and provide a copy of this order with such notification; and

c. cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

**D. Use Of Confidential Material**

**12.** Any and all sealed documents shall be filed by the parties under the sealed event as a sealed document. The parties are not required to file a separate motion to seal a document. The parties shall file any objections to a sealed document by no later than five days after the filing of the sealed document. The Court will thereafter review the sealed document and any objections filed to determine whether the document should be unsealed. Any party filing a sealed document shall email dimkeorders@waed.uscourts.gov to inform the Court of the filing. The email shall note the ECF number of the sealed document and the general nature of the document.

**13.** If Confidential Materials are attached to court filings, "compelling reasons" must be shown to seal records attached to a dispositive motion and "good cause" must be shown to seal records attached to a non-dispositive motion. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

**14.** Within 60 days of the termination of this action, including any appeals, each party shall either destroy, or return to the opposing party, all documents designated by the opposing party as "Confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

### E. Unauthorized Disclosure of Protected Material

**15.** If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized by this Order, the receiving party shall immediately:

    **a.** notify in writing the designating party of the unauthorized disclosures,

    **b.** use its best efforts to retrieve all unauthorized copies of the protected material,

    **c.** inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and

    **d.** request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is contained at ECF No. 29-1 at 11.

PROTECTIVE ORDER - 8

### F.  Other Provisions

**16.**  Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

**17.**  No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

**18.**  The obligations imposed by this Protective Order shall survive the termination of this action.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to the parties.

DATED November 2, 2023.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE